ORAL ARGUMENT NOT YET SCHEDULED
_____

BRIEF FOR APPELLEE
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 12-3020
_____

UNITED STATES OF AMERICA,                                    Appellee,

    v.

TAYVONNE LEWIS,                                              Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

        RONALD C. MACHEN JR.,
        <u>United States Attorney</u>.

        ELIZABETH TROSMAN,
        ELIZABETH H. DANELLO,
        JOHN V. GEISE,
*    AMANDA WINCHESTER, DC BAR #488798,
        <u>Assistant United States Attorneys</u>.

*    Counsel for Oral Argument

        555 Fourth Street, NW, Room 8104
        Washington, D.C.  20530
        (202) 252-6829

Cr. No. 11-0208 (ESH)

## CERTIFICATE OF PARTIES,
## RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the United States of America hereby states as follows:

A.    Parties and Amici:

The parties to this appeal are appellant, Tayvonne Lewis, and appellee, the United States of America.  There are no amici.

B.    Rulings Under Review:

This is an appeal from the judgment pronounced by the district court (Honorable Ellen S. Huvelle) on April 3, 2012. Specifically, appellant challenges the court's decision to sentence him at the lowest end of the Guidelines range, instead of issuing a downward variance due to appellant's mental condition.  A transcript of the sentencing hearing is found in appellant's appendix (April 3, 2012 – Sentencing).  There is no official citation to the district court's ruling.

C.    Related Cases:

The United States is not aware of any related cases.

# I N D E X

Page

COUNTERSTATEMENT OF THE CASE....................................1

    Appellant's Plea Agreement and Sentencing..................2

SUMMARY OF ARGUMENT.............................................7

ARGUMENT.......................................................8

    THE DISTRICT COURT DID NOT IMPOSE A SUBSTANTIVELY
    UNREASONABLE SENTENCE OR COMMIT SIGNIFICANT PROCEDURAL
    ERROR......................................................8

    A.    Standard of Review and Applicable
          Legal Principles.....................................8

    B.    Appellant's Sentence Was Substantively
          Reasonable..........................................12

    C.    The District Court Committed No
          Significant Procedural Errors.......................14

CONCLUSION....................................................21

ii

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

* <u>Gall v. United States</u>, 552 U.S. 38 (2007).................... 8-9

  <u>In re Sealed Case</u>, 527 F.3d 188 (D.C. Cir. 2008).............. 18

* <u>Rita v. United States</u>, 551 U.S. 338 (2007)....... 7, 13-16, 18-19

  <u>Setser v. United States</u>, 132 S. Ct. 1463 (March 28, 2012)...... 6

  <u>United States v. Akhigbe</u>, 642 F.3d 1078 (D.C. Cir. 2011)...... 19

  <u>United States v. Booker</u>, 543 U.S. 220 (2005).................. 17

  <u>United States v. Dorcely</u>, 454 F.3d 366 (D.C. Cir. 2006)....... 12

* <u>United States v. Gardellini</u>, 545 F.3d 1089
    (D.C. Cir. 2008).......................... 8, 12-13, 18, 20

  <u>United States v. Knows His Gun</u>, 438 F.3d 913
    (9th Cir. 2006)......................................... 11

  <u>United States v. Lamb</u>, 2011 WL 2518698
    (6th Cir. June 27, 2011)............................. 10, 13

  <u>United States v. Law</u>, 528 F.3d 888 (D.C. Cir. 2008).......... 12

  <u>United States v. Lynn</u>, 592 F.3d 572 (4th Cir. 2010).......... 11

  <u>United States v. Pakala</u>, 568 F.3d 47 (1st Cir. 2009)...... 11, 19

  <u>United States v. Romero</u>, 491 F.3d 1173 (10th Cir. 2007)....... 11

  <u>United States v. Ross</u>, 501 F.3d 851 (7th Cir. 2007).......... 17

* <u>United States v. Russell</u>, 600 F.3d 631 (D.C. Cir. 2010)..... 9-10

---

* Cases chiefly relied upon are marked with an asterick.

United States v. Sevilla, 541 F.3d 226 (3d Cir. 2008)......... 12

United States v. Thielemann, 575 F.3d 265 (3d Cir. 2009)...... 18

United States v. Villafuerte, 502 F.3d 204 (2d Cir. 2007)..... 11

## OTHER AUTHORITIES

18 U.S.C. § 922(g)(1)........................................... 1

18 U.S.C. § 3553(a)............................... 2, 8-15, 18-20

18 U.S.C. § 3553(a)(1)...................................... 8, 16

18 U.S.C. § 3553(a)(2)......................................... 9

18 U.S.C. § 3553(a)(3)-(7)..................................... 9

U.S.S.G. § 5H1.3.............................................. 14

## <u>STATUTES AND REGULATIONS</u>

Pursuant to D.C. Circuit Rule 28(a)(5), all pertinent statutes and regulations are set forth in the Addendum to appellant's brief.

v

## ISSUE PRESENTED

Whether the sentence imposed by the district court was reasonable, where the court accurately calculated the advisory Sentencing Guidelines range using the appropriate provisions of the Sentencing Guidelines; and selected a sentence at the lowest end of the Guidelines range, after taking into account all relevant sentencing factors, including appellant's mental health, pursuant to 18 U.S.C. § 3553(a)(1).

ORAL ARGUMENT NOT YET SCHEDULED
———————————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
———————————————

No. 12-3020
———————————————

UNITED STATES OF AMERICA,                    Appellee,

    v.

TAYVONNE LEWIS,                               Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
———————————————

BRIEF FOR APPELLEE
———————————————

## COUNTERSTATEMENT OF THE CASE

Appellant was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (App. 8), and pled guilty to that offense (App. 10; 9/8/11 Tr. 2-14).[1] On April 3, 2012, the Honorable Ellen S. Huvelle sentenced

---

[1] MM/DD/YY Tr. ___" refers to the transcript of the proceedings held on the date noted. "App." and "Sealed App." refer, respectively, to the appendix and sealed appendix submitted by appellant.

appellant to the lowest permissible sentence within the applicable United States Sentencing Guidelines (hereinafter "the Guidelines") range, which was 77 months' incarceration, to be followed by three years of supervised release (App. 22-23).[2/] Appellant noted a timely appeal (App. 28).

### Appellant's Plea Agreement and Sentencing

On September 8, 2011, appellant pled guilty to the indictment pursuant to a written plea agreement (App. 10-14; 9/8/11 Tr. 2-14). The agreement provided that appellant's sentence "would be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual" (App. 11). During the plea colloquy, appellant indicated that he had read and understood the plea agreement, reviewed it with his attorney, and agreed to its terms (9/8/11 Tr. 6, 9-14). Appellant agreed to the accuracy of the government's factual proffer, including evidence that on June 2, 2011, he was in possession of a Sterling .380-caliber handgun, after having been previously convicted of a felony (App. 15-18; 9/8/11 Tr. 8-9). As part of the plea agreement, the government agreed that it would not seek a sentence greater than the low end of the

---

[2/] As discussed infra, the district court ordered that the sentence run concurrently with an anticipated Superior Court sentence.

applicable Guidelines range (App. 12; 9/8/11 Tr. 12). Appellant agreed that he would not seek a departure from the applicable Guidelines range, but he retained the right to seek a variance from that range (App. 12; 9/8/11 Tr. 12). At the plea hearing, the parties estimated that appellant would be placed in Criminal History Category VI, and that his base offense level (after adjustment for acceptance of responsibility) would be 21, resulting in a Guidelines range of 77-96 months' imprisonment (9/8/11 Tr. 2-3).

Before sentencing, appellant's counsel filed his "Position With Respect to Sentencing Factors" (App. 19-21). Counsel referenced the report of Dr. R. Bronson Levin, a court-appointed clinical psychologist, and argued that, based on Dr. Levin's findings, it was "clear" that appellant had "a troubled past and a variety of physical, psychological and emotional problems" (App. 21).[3/] Appellant's counsel requested, based upon the information contained in Dr. Levin's report, that the district

---

[3/]   Dr. Levin reported that appellant had "diminished capacity in judgment, impulse-control, and decision making," and that his thinking capacity was "compromised by deficient intellect which is in the retarded range, with scores equivalent to a child of seven to nine years old" (Sealed App. 6). Dr. Levin recommended that appellant be placed in "a treatment-oriented facility whose programs could be geared to the intellectually-limited inmate," and that, in addition to psychiatric treatment, appellant receive "intensive drug treatment" for his high level of substance abuse (id. at 7).

court impose a below-Guidelines sentence of 48-months' imprisonment, and run it concurrently with any sentence imposed in appellant's probation-revocation matter in Superior Court (Case No. 2010 CF2 01635) (App. 21).

At appellant's April 3, 2012, sentencing hearing, the district court confirmed that the parties had read the presentence report, and that no additions or corrections were requested (4/3/12 Tr. 2-4). After the parties agreed that appellant's advisory Guidelines range had been accurately calculated, placing him in Criminal History Category VI with an offense level of 21, the district court stated, "Let us start from there" (id. at 4).

The government acknowledged that this was a "particularly difficult" case, and that it was hard not to be sympathetic to appellant's "sad personal history," including his diminished capacity (4/3/12 Tr. 4). The government "understood" the request by appellant's counsel for a 48-month sentence, but argued, as a countervailing factor, the need to protect society, especially given that appellant had committed a gun crime. See id. ("The thing that's, I think disturbing in the context of this being a gun offense is that [appellant] has a diminished capacity in judgment, little impulse control, and problems making decisions. And the problem with somebody like that having a gun on the streets is that [it] can lead to some very

unfortunate results."). Accordingly, consistent with the plea agreement, the government recommended a 77-month sentence at the low end of the Guidelines range (id. at 4-5).

The district court discussed appellant's age and criminal history with appellant's counsel, noting that appellant had been "in and out of the system" in a "terrible revolving door" "pretty much nonstop from [the age of] eighteen" (4/3/12 Tr. 6). The district court noted that it had read Dr. Levin's report, and that appellant's situation was "more extreme than some but not totally unique" (id. at 11). Although the court noted that appellant had "substantial limitations," and no apparent means of support, the court recognized that it was not possible for its sentence to "fashion a cure" (id. at 12). The court contemplated bringing in a mental-health specialist during appellant's term of supervised release, for example, but noted, "it's not just a mental health problem. These [criminal history] scores would indicate a much more substantial problem." (Id. at 12.) The court then specifically questioned appellant about his prior work history; his ability to maintain employment; his level of family support; his commitment to stop the "revolving door" that had led him to have the "highest criminal history" score; and his reasons for committing the crime of conviction (id. at 12-13). Appellant's counsel agreed that this case was a "hard call," but argued, without discussing

Dr. Levin's findings in any detail, that the court should grant a downward variance (id. at 15-17).

Appellant admitted having addictions to alcohol, cocaine, and marijuana (4/3/12 Tr. 19). Before pronouncing sentence, the district court concluded that "a major part of what's going on is all the drugs" (id. at 19). Noting that appellant had a "dual diagnosis," the district court indicated that it would order Dr. Levin's report to accompany appellant's presentence report, so that appellant had a better chance of obtaining both mental-health and drug treatment (id. at 18-19).

Finally, the district court pronounced sentence, stating,

> I feel constrained, but I feel that my constraints in terms of -- that the Guideline range is correct here. . . . I'm imposing seventy-seven months, but I am ordering that it be concurrent. And I cite [Setser v. United States, 132 S. Ct. 1463 (March 28, 2012)]. And it's quite clear that I can run it either consecutively or concurrently to an anticipated [s]tate [c]ourt offense.

> So I'm ordering it to run concurrent with any sentence imposed by Judge Isco[e] in 2010 CF2 01635. (4/3/12 Tr. 19-20.)[4/]

---

[4/]    Appellant does not challenge the district court's order to run its sentence concurrently with appellant's Superior Court sentence. According to Superior Court records, on June 22, 2012, Judge Iscoe revoked appellant's probation in Case No. 2010 CF2 01635, and sentenced appellant on Count 1 (Distribution of a Controlled Substance) to 34 months' imprisonment, and on Count 2 (Possession of a Controlled Substance) to 90 days' imprisonment; he ordered those two sentences to run consecutively to each other but concurrently with any other sentence.

## SUMMARY OF ARGUMENT

The district court did not impose a substantively unreasonable sentence, as a within-Guidelines sentence is presumptively reasonable, and appellant's only challenge to his sentence would have required the district court to elevate one statutory factor over all others, something this Court has held that a sentencing court cannot do.

The district court also did not plainly err when, after expressly considering appellant's mental condition, it imposed a sentence at the bottom end of the Guidelines range. Appellant and the government both discussed the role appellant's mental health should play in determining the sentence imposed. The district court expressly factored appellant's mental health into its sentencing decision and into its explanation of that decision. Moreover, the district court's explanation of appellant's sentence, as it related to the court's consideration of his mental-health condition, was more detailed than the sentencing explanation provided in Rita v. United States, 551 U.S. 338 (2007), a factually analogous case in which the Supreme Court found no error in the sentencing court's consideration of the defendant's health or in its explanation of the sentence imposed, including its rejection of the defendant's request for a downward variance for medical reasons. In sum, the district court's refusal to grant a downward variance, after its

consideration of the 18 U.S.C. § 3553(a) factors presented here, was not an abuse of discretion.

<u>ARGUMENT</u>

THE DISTRICT COURT DID NOT IMPOSE A SUBSTANTIVELY UNREASONABLE SENTENCE OR COMMIT SIGNIFICANT PROCEDURAL ERROR.

A.   Standard of Review and Applicable Legal Principles

A district court's sentence may be challenged for significant procedural errors or substantive unreasonableness. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); <u>United States v. Gardellini</u>, 545 F.3d 1089, 1094 n.6 (D.C. Cir. 2008). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors,[5/] selecting a sentence based on clearly

---

[5/]   As the Supreme Court noted in <u>Gall</u>, there are a myriad of § 3553(a) factors that a sentencing court should consider, including generally "the nature and circumstances of the offense and the history and characteristics of the defendant." 552 U.S. at 50 n.6 (citing 18 U.S.C. § 3553(a)(1)). More specifically, the district court should consider the need for the sentence:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(continued. . .)

erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." United States v. Russell, 600 F.3d 631, 633-34 (D.C. Cir. 2010). Substantive reasonableness is the "catch-all criterion under which the reviewing court monitors . . . whether the district court has given reasonable weight to all the factors required to be considered." Russell, 600 F.3d at 633.

According to his statement of the issue presented and to the heading of his argument (Brief at 2, 8), appellant frames his claim on appeal as one of substantive unreasonableness. Yet

---

(. . .continued)
    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Gall, 552 U.S. at 50 n.6 (citing 18 U.S.C. § 3553(a)(2)).

Other § 3553(a) factors that must be considered pertain to "the kinds of sentences available, . . . the Sentencing Guidelines, . . . any relevant policy statement issued by the Sentencing Commission, . . . the need to avoid unwarranted sentence disparities, . . . [and] the need to provide restitution to any victim." Gall, 552 U.S. at 50 n.6 (citing 18 U.S.C. § 3553(a)(3)-(7)).

he also asserts that the district court "failed to abide by its mandate to arrive at a sentence 'sufficient, but not greater than necessary' to comply with the purposes of § 3553(a) because the advisory Guidelines range upon which it relied specifically excluded [appellant's] mental condition from its calculation and the court did not otherwise incorporate this factor into [appellant's] sentence" (Brief at 10). Accordingly, although appellant purports to challenge only the substantive reasonableness of his sentence, he alleges both substantive and procedural error.

Appellant's claim of substantive unreasonableness is reviewed for abuse of discretion. Russell, 600 F.3d at 633 ("[W]e review claims of substantive unreasonableness for abuse of discretion, regardless of whether an objection on those terms was made."). Because appellant neither objected to the court's alleged failure to consider his mental condition, nor objected to the sufficiency of the court's explanation of his sentence, to the extent that appellant alleges procedural error, his claim is subject to plain-error review. See United States v. Lamb, 2011 WL 2518698, *2 (6th Cir. June 27, 2011) (plain-error review applied to claim that district court failed to consider § 3553(a) factors, "specifically [defendant's] history of heart disease," because, after the sentence was announced, defendant did not object to the court's alleged failure to consider his

medical condition; request for downward variance did not preserve the issue because an "objection cannot be 'preserved' in advance of a sentencing event that has yet to occur - and which may never occur"); United States v. Pakala, 568 F.3d 47, 51, 56 (1st Cir. 2009) (defendant's claim that district court failed to adequately "take into account his long history of substance abuse" was subject to plain-error review, where defendant had sought a downward departure based in part on his "long-term substance abuse," but failed to object to court's "explanation at sentencing"); United States v. Villafuerte, 502 F.3d 204, 207-08 (2d Cir. 2007) (applying plain-error review where defendant did "not object to [the] district court's alleged failure to properly consider all of the § 3553(a) factors"); United States v. Romero, 491 F.3d 1173, 1175-78 (10th Cir. 2007) (plain-error review applied where, despite requesting a below-Guidelines sentence, appellant did not object when the court purportedly failed to explain its reason for rejecting that request); United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006) (applying plain-error review where defendant failed to object at sentencing to the sufficiency of the district court's consideration and application of § 3553(a) factors); but see United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (a downward-variance request based on a § 3553(a) factor would preserve a claim that the district court failed to

adequately address that request in its explanation of the sentence); United States v. Sevilla, 541 F.3d 226 (3d Cir. 2008) (same).

>    B.    Appellant's    Sentence    Was    Substantively
>          Reasonable.

This Court has stated that "[t]he substantive reasonableness inquiry . . . boils down to the following question: in light of the facts and circumstances of the offense and offender, is the sentence so unreasonably high or unreasonably low as to constitute an abuse of discretion by the district court?"  Gardellini, 545 F.3d at 1093.  When undertaking such inquiry, this Court "agree[s] with [its] sister circuits that a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness."  United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006); accord United States v. Law, 528 F.3d 888, 902 (D.C. Cir. 2008).  As a result, "a within-Guidelines sentence will almost never be reversed on appeal as substantively unreasonable." Gardellini, 545 F.3d at 1092.

Ignoring all of the § 3553(a) factors save one, appellant contends that his 77-month sentence is "unreasonable because it did not reflect [appellant's] lesser culpability for his offense as compared to a defendant who does not suffer from a limited ability to process the consequences of his actions" (Brief at

12). As an initial matter, Dr. Levin's findings do not suggest that appellant's diminished capacity rendered him unable to appreciate the consequences of his crime (Sealed App.); nor would that factor warrant leniency in the absence of evidence that appellant lacked the ability to understand or control his conduct. Thus stripped to its core, appellant's argument for a mental-health variance is nothing more than an attempt to evade the consequences of his crime. Cf. Lamb, 2011 WL 2518698 at *5 (rejecting argument that health problems confer "a license to violate the law, or at least a discount on the consequences").

In any event, as this Court has held, such an argument is "flawed because it elevates one § 3553(a) factor . . . above all others." Gardellini, 545 F.3d at 1095. Indeed, "[a]s § 3553(a) makes clear, . . . the district court at sentencing must consider and balance a number of factors — not all of which will point in the same direction." Id. As discussed infra, the court considered a host of factors in addition to appellant's mental condition. Coupled with the presumption of reasonableness attached to a within-Guidelines sentence, the district court's explicit consideration of these competing statutory factors resulted in a sentence well within the district court's discretion to impose. See, e.g., Rita, 551 U.S. at 359-60 (finding substantively reasonable defendant's sentence at the bottom of the Guidelines range, despite

appellant's argument for a downward variance based on "his
health, his fear of retaliation, and his prior military record,"
where court clearly considered pertinent § 3553(a) factors).
Although courts may, in some instances, appropriately grant
departures or below-Guidelines sentences (see Brief for
Appellant at 14-15), the district court's refusal to grant a
downward variance, after its consideration of the factors
presented here, was not an abuse of discretion.

> C.    The District Court Committed No Significant
>       Procedural Errors.

The Supreme Court's decision in Rita v. United States, 551
U.S. 338 (2007), forecloses appellant's claim that the district
court erred in failing to adequately consider his mental
condition.[6]   In Rita, the defendant sought a downward variance

---

[6]    Appellant incorrectly suggests (at 10) that the Guidelines
explicitly disfavor appellant's mental and emotional condition
as factors to be considered in arriving at a sentence.  In 2010,
the Guidelines were amended to provide that

> [m]ental or emotional conditions may be relevant when
> determining whether a departure is warranted, if such
> conditions, individually or in combination with other
> offender characteristics, are present to an unusual
> degree and distinguish the case from the typical cases
> covered by the guidelines.  See also Chapter Five,
> Park K, Subpart 2 (Other Grounds for Departure).

U.S.S.G. § 5H1.3.  Appellant, however, did not seek a departure
because of his mental condition.  Moreover, to the extent
appellant contends that his sentence is procedurally
unreasonable because the district court failed to address his
(continued. . .)

on the basis of his "poor physical condition." Id. at 345. As
here, the district court rejected the request for the variance,
instead imposing a sentence at the bottom end of the Guidelines
range. Id. In so doing, the district court in Rita stated
without elaboration that it was

> unable to find that the [PSR's] recommended sentencing
> guideline range . . . is an inappropriate guideline
> range for [defendant's perjury-related convictions],
> and under 3553 . . . the public needs to be protected
> if it is true, and I must accept as true the jury
> verdict. . . . So the Court finds that it is
> appropriate to enter [a Guidelines sentence].

Id.

On appeal, the defendant contended that the district court
erred because "it did not adequately take account of [his]
history and characteristics." Rita, 551 U.S. at 345. Although
the district court's sentencing explanation did not specifically
address the defendant's medical reasons for a downward variance,
the Supreme Court found that the "sentencing judge listened to
each argument" and "considered the supporting evidence." Id. at
358. The Court further found that the "judge was fully aware of
defendant's various physical ailments and imposed a sentence

_____

(. . .continued)
mental condition within its consideration of the 18 U.S.C.
§ 3553(a) factors, that argument is belied by the record. As
discussed infra, the court did consider appellant's mental
condition but declined to grant a variance.

that takes them into account." Id. Despite acknowledging that
"the judge might have said more," including that he "found that
[defendant's] personal circumstances here were simply not
different enough to warrant" a non-Guidelines sentence, the
Court nevertheless concluded that the "judge considered the
[pertinent] evidence and arguments" in reaching his sentencing
decision. Id. at 359.

Here, as in Rita, the district court properly took into
account appellant's mental condition when considering the
history and characteristics of the defendant pursuant to 18
U.S.C. § 3553(a)(1). Moreover, the district court's explanation
of appellant's sentence, as it related to the court's
consideration of his mental-health condition, was more detailed
than the sentencing explanation provided in Rita, 551 U.S. at
345. The district court specifically found, after reading Dr.
Levin's report, that appellant's "situation," including his
mental condition, was "more extreme than some but not totally
unique" (4/3/12 Tr. 11). The district court noted, "it's not
just a mental health problem" (4/3/12 Tr. 12), and concluded
that appellant's personal circumstances were not different
enough to warrant a non-Guidelines sentence. See 4/3/12 Tr. 19
("I feel constrained, but I feel that my constraints in terms of
that the Guideline range is correct here."). See also Rita, 551
U.S. at 356-57 ("Circumstances may well make clear that the

judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical.").

In other words, the district court recognized its ability to impose a non-Guidelines sentence,[2/] but chose to impose a Guidelines sentence because, considering <u>all</u> of the circumstances, the court deemed that sentence to be appropriate. After hearing the parties' arguments and also considering other sentencing factors, including appellant's significant criminal history, the nature and circumstances of the offense, the need to protect the public, and appellant's drug addiction, the district court found that appellant's mental health was not a factor that justified mitigating appellant's sentence. Instead, the district court, which is presumed to know and correctly

---

[2/]    Appellant does not contend that the district court misunderstood its discretionary authority to impose a non-Guidelines sentence. Moreover, at appellant's plea proceeding, the district court recognized the advisory nature of the Guidelines, and acknowledged that it was not bound to impose a sentence within the recommended Guidelines range. See 9/8/11 Tr. 10 ("The Court . . . has the ability to go up or down outside the Guideline range. . . ."). <u>See also United States v. Ross</u>, 501 F.3d 851, 853 (7th Cir. 2007) ("It would be a stretch for us to conclude that a district court would not know – some two years after the decision in <u>United States v. Booker</u>, 543 U.S. 220 [] (2005) – that the sentencing guidelines are not binding.").

apply the law at sentencing, <u>In re Sealed Case</u>, 527 F.3d 188, 191 (D.C. Cir. 2008), chose to sentence appellant to 77 months in prison, a term at the lowest end of the applicable Guidelines range. As in <u>Rita</u>, where the Supreme Court found no error in the sentencing court's consideration of the defendant's health, the district court's sentence was not error, much less plain error.[8/]

As a corollary argument, appellant challenges the sufficiency of the court's explanation of its sentence, stating that the "the court did not explain how [appellant's] mental retardation impacted its choice of sentence under § 3553" (Brief at 12). Appellant's argument fails for three reasons.

First, because the record is clear that the district court considered appellant's mental health-related arguments, the court had no duty to provide detailed explanations for its rejection of them. <u>See</u> <u>United States v. Thielemann</u>, 575 F.3d 265, 271 (3d Cir. 2009) ("Sentencing courts need not discuss and make findings as to each of the § 3553(a) factors if the record

---

[8/]    To the extent that appellant challenges the weight accorded to his mental-health related arguments (see Appellant's Brief at 15) (alleging district court failed to adequately "consider the mitigating aspect of [appellant's] impaired mental capability"), such an argument has no bearing on the procedural-error analysis. <u>See</u> <u>Gardellini</u>, 545 F.3d at 1094 n.6 ("[T]he Supreme Court has made clear [that] the procedural requirement that the district court 'consider' a particular § 3553(a) factor does not depend on how heavily the court weighs that factor.").

makes clear the court took the factors into account in sentencing.").

Second, because the district court sentenced appellant within the Guidelines range, there was no need for a lengthy explication of the sentence. As the Supreme Court stated in Rita, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." 551 U.S. at 356. That is because the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice . . . [and thus] reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Id. at 350; see also United States v. Akhigbe, 642 F.3d 1078, 1087 (D.C. Cir. 2011) (same) (citing Rita). Where, as here, the sentence was at the very bottom of the Guidelines range, there was even less need for a detailed explanation. See Pakala, 568 F.3d at 56 ("We previously have recognized that within-Guidelines sentences require a lesser degree of explanation than those that fall outside the [G]uideline[s] sentencing range, and we think that observation is all the more true when the sentence is at the very bottom of the Guidelines range.").

Third, the district court's explanation of appellant's sentence expressly accounted for appellant's mental-health condition. Indeed, the district court ordered that Dr. Levin's report be sent to the Bureau of Prisons and included with

appellant's presentence report, so that appellant could obtain appropriate mental-health treatment (4/3/12 Tr. 18-19).

In sum, having considered the facts relevant to the various "open-ended and conflicting" § 3553(a) sentencing factors, see Gardellini 545 F.3d at 1093, the court announced a sentence that was "sufficient, but not greater than necessary" to account for those factors.    18 U.S.C. § 3553(a).    The district court adequately explained the basis for its sentencing decision, and, therefore, committed no significant procedural error, much less plain error.

<u>CONCLUSION</u>

WHEREFORE, the government respectfully submits that the judgment of the district court should be affirmed.

Respectfully submitted,


RONALD C. MACHEN JR.,
<u>United States Attorney</u>.


ELIZABETH TROSMAN,
ELIZABETH H. DANELLO,
JOHN V. GEISE,
<u>Assistant United States Attorneys</u>.


_____/s/_____
AMANDA WINCHESTER, DC BAR #488798
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(a)(7)(B) that this brief contains 4,317 words in a Courier, monospace font, and therefore conforms to the word limit prescribed for this appeal.

_____/s/_____
AMANDA WINCHESTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 20th day of February, 2013, I caused the foregoing Brief for Appellee to be served by the Court's CM/ECF system on counsel for appellant, A.J. Kramer & Tony Axam, Jr.

_____/s/_____
AMANDA WINCHESTER
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, DC  20530
(202) 252-6829